# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDRICK O. GOSS,             )

                           )

        Petitioner/Defendant,   )

                           )    **CIVIL NO. 09-cv-321-DRH**

vs.                         )

                           )    **CRIMINAL NO. 06-cr-40062**

UNITED STATES of AMERICA ,   )

                           )

        Respondent/Plaintiff.   )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner Fredrick Goss's motion for relief pursuant to 28 U.S.C. § 2255.  Pursuant to a plea agreement and stipulation of facts, Goss pleaded guilty to interstate transportation of firearms by a felon.  Goss was sentenced to an aggregate of 200 months imprisonment, three years supervised release, a fine of $750, and a special assessment of $100.  On the Government's motion, Goss's aggregate term of imprisonment was later reduced to 120 months. Goss then filed the instant motion under § 2255.  In this motion, Goss argues only that this Court abused its discretion during the Rule 35 proceeding, and that he should have received a much greater reduction in his sentence.

Goss entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, he waived his right to a direct appeal and to a collateral attack under Section 2255.  Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence.  Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant

> knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

Plea agreement at ¶ III.2 (Doc. 26, criminal case).  Moreover, with regard to any resentencing under Rule 35, the plea agreement states that "[t]he Defendant understands that any reduction of sentence, and the extent of that reduction, lies in the discretion of the Court." (*Id.* at ¶ II.11, emphasis in original).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995).  A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.  *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

- 2 -

For the waiver to apply, however, Goss's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon his relevant conduct. The maximum penalty for the crime in question is life imprisonment.  18 U.S.C. §§ 922(g)(1), 924(e).  Based upon the conduct to which Goss admitted and others attributed to him, his applicable range of imprisonment was 188 to 235 months; Goss ultimately was sentenced to 120 months imprisonment.  There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in resentencing Goss nor sentenced him above the statutory maximum.

Because the waiver provisions of a plea agreement are enforceable, Goss has waived any right to bring this Section 2255 motion.  Accordingly, Goss's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   November 23, 2009.**

/s/   DavidRHerndon

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

- 3 -