# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDRICK O. GOSS,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 09-cv-321-DRH** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 06-cr-40062** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

The Court denied Petitioner Fredrick Goss's motion under § 2255, finding that he waived any right to bring a Section 2255 motion to challenge his sentence. Goss appeals from that ruling, and implicit in his notice of appeal is a request for issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, Section 2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

In his appeal and supporting memorandum (Doc. 7), Goss offers no argument to challenge the Court's conclusion that he waived his right to file such a challenge to his sentence. Instead, he simply reiterates the issues raised in his motion as grounds for appeal. However, the Court finds that Goss has not made "a substantial showing of the denial of a constitutional right." Accordingly, the Court **DECLINES** to issue a certificate of appealability.

Also before the Court is Goss's motion for leave to proceed *in forma pauperis* on appeal (Doc. 8). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appellant is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

As stated above, the Court denied Goss's motion under § 2255, finding that he waived any right to bring a Section 2255 motion to challenge his sentence. In his appeal, Goss offers no argument to challenge the Court's conclusion that he waived his right to file such a challenge to his sentence. Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith; accordingly, leave to proceed *in forma pauperis* on appeal is **DENIED.** Goss shall tender the appellate filing and docketing fee of $455 to the Clerk of Court in this District, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

**DATED:  February 5, 2010.**

 /s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**